UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICE RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18 CV 1381 CDP |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Wells Fargo Home Mortgage, Inc., foreclosed on plaintiff Patrice Rhodes' condominium and sold the property at a foreclosure sale to defendant Deutsche Bank National Trust Company. Rhodes brought this action in state court against Deutsche Bank challenging Wells Fargo's foreclosure as well as the manner and method by which Wells Fargo obtained and acted under a loan modification agreement. Because Rhodes included a claim under the Fair Debt Collection Practices Act, Deutsche Bank removed the matter to this Court invoking federal question jurisdiction. It also invoked this Court's diversity jurisdiction. Deutsche Bank now moves to dismiss Rhodes' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. I will grant the motion. I will deny Rhodes' request for remand.

### Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency

of the complaint. When reviewing a Rule 12(b)(6) motion, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Generally, a court may not consider matters outside the pleading when ruling a 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(d); *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014). When considering the complaint on such a motion, however, I may also consider its attached exhibits, materials embraced by the complaint, and matters of public record. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Gorog*, 760 F.3d at 791. Upon review of the complaint here and Deutsche Bank's removal petition, I consider the January 2004 deed of trust (ECF #1-3) and the December 2017 successor trustee's deed (ECF #1-4) – both recorded by St. Louis County, Missouri's Recorder of Deeds – to be

public records and materials embraced by and consistent with the complaint. The June 2012 modification agreement (ECF #4-1) is attached as an exhibit to the complaint. I will therefore consider these documents in ruling the motion to dismiss.

**Background**

On January 21, 2004, Wells Fargo provided financing to Rhodes in the amount of $208,000, secured by a deed of trust on Rhodes' condominium. The deed of trust named Alan South as trustee and provided for the removal and appointment of a successor trustee. "Substitute Trustee Corporation" was later appointed as successor trustee. Under the deed of trust's terms, a successor trustee enjoyed all the power and duties of a trustee, which included sale of the property in the event Wells Fargo invoked the power of sale upon Rhodes' default.

In 2012, Rhodes and Wells Fargo entered into discussions about loan modification, and Rhodes executed a modification agreement on June 8, 2012. Wells Fargo later foreclosed on the property. On December 13, 2017, Substitute Trustee Corporation sold the foreclosed property to Deutsche Bank for $220,000. In January 2018, Deutsche Bank filed an unlawful detainer action in state court seeking to evict Rhodes from the property.

In June 2018, Rhodes filed this separate action in state court against Deutsche Bank, challenging only the method and manner by which Wells Fargo obtained and acted under the June 2012 loan modification agreement. Rhodes claims that Wells Fargo wrongfully foreclosed on the property, averring that it had no right to foreclose

because she was not in default of the modification agreement. She also claims that Wells Fargo violated the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.020, because it made false promises and engaged in deceptive practices to induce her into believing that it would honor the terms of the modification agreement when it actually intended to foreclose on the property. Rhodes also brings claims of breach of contract and promissory estoppel, arguing that Wells Fargo wrongfully breached the modification agreement and its promise by foreclosing on the property and, further, claims that Wells Fargo negligently misrepresented that it would modify her loan and not seek foreclosure. Finally, Rhodes claims that Wells Fargo, as a debt collector, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, by making false and misleading representations that it would not foreclose on the property.

Rhodes seeks monetary damages against Wells Fargo, including statutory damages on her MMPA and FDCPA claims. She seeks no relief from Deutsch Bank, the only entity named as a defendant in the caption of the complaint and the only entity upon which summons was issued.

## Discussion

In her complaint, Rhodes seeks to recover legal damages from Wells Fargo for its alleged wrongful conduct in securing the June 2012 loan modification agreement and in meeting its obligations thereunder, which ultimately led to the alleged wrongful foreclosure and the sale to Deutsche Bank in December 2017. Rhodes

makes no allegation in her complaint that Deutsch Bank engaged in any wrongful conduct giving rise to the foreclosure. Nor does she seek any relief from Deutsch Bank.

When a foreclosure is wrongful, "the mortgagor has two remedies: it can let the sale stand and sue at law for damages or it can bring an equitable action to have it set aside." *Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Where, as here, an innocent purchaser buys at foreclosure, an appropriate remedy is a suit for damages at law against the mortgagee, "because it gives relief against the guilty rather than the innocent party." *Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770, 775 (Mo. 1936).

On the facts alleged in the complaint and as shown by the documents embraced by the complaint, Wells Fargo is the mortgagee in this case – not Deutsche Bank. Deutsche Bank is merely an innocent purchaser. Rhodes simply pleads no facts against Deutsche Bank that would permit her to obtain any damages at law for wrongful foreclosure or for any conduct underlying the modification agreement. Because Rhodes does not plead facts that would permit a reasonable inference that Deutsch Bank is liable for the misconduct alleged in the complaint, she has failed to state a claim against Deutsch Bank upon which the relief sought in her complaint can be granted. Accordingly, the complaint against Deutsche Bank must be dismissed.

Rhodes argues that, instead of dismissal, the case should be remanded to state court because of this Court's lack of subject-matter jurisdiction. While Rhodes

disputes Deutsche Bank's assertion that diversity jurisdiction exists, she nevertheless admits that she brings a claim under the FDCPA, a federal statute. This Court therefore has original federal question jurisdiction over the claim, 15 U.S.C. § 1692k(d); *Hickman v. Alpine Asset Mgmt. Grp., LLC*, 919 F. Supp. 2d 1038, 1043 (W.D. Mo. 2013), and supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(a).

Rhodes also argues that it would be inequitable to permit Deutsche Bank to proceed on its unlawful detainer action but prohibit Rhodes from pursuing her claims for wrongful foreclosure. But I am not prohibiting Rhodes from pursuing claims for wrongful foreclosure. As discussed above, the facts alleged by Rhodes and as shown in the documents embraced by the complaint merely fail to state a claim against Deutsche Bank, as Rhodes does not allege that Deutsche Bank engaged in any wrongful conduct. Instead, Rhodes alleges that only Wells Fargo engaged in wrongful conduct as mortgagee, and she seeks to recover legal damages from only Wells Fargo. Rhodes seeks no relief in this action from Deutsche Bank, an innocent purchaser of foreclosed property. *See Peterson*, 98 S.W.2d at 775 (appropriate remedy is to seek legal damages against mortgagee); *see also Wells Fargo Bank, N.A. v Smith*, 392 S.W.3d 446 (Mo. banc 2013).

Finally, to the extent Rhodes contends that she may bring her claims against Deutsche Bank as Wells Fargo's assignee of its interest in the property, Wells Fargo's interest in the property was extinguished when the property sold. *Countrywide Home*

*Loans v. Allstate Ins. Co.*, 246 S.W.3d 515, 517 (Mo. Ct. App. 2007).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Deutsche Bank National Trust Company's Motion to Dismiss [7] is **GRANTED**, and plaintiff's complaint against Deutsche Bank National Trust Company is dismissed with prejudice. To the extent plaintiff moves that I remand the case to state court for lack of subject-matter jurisdiction [11], the motion is **DENIED.**

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2018.